UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA
    -v-

LILLIAN VINCI
-----------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-98-587 (ARR)
STUART RUBIN, ESQ
26 COURT STREET, SUITE 2500
BROOKLYN, NEW YORK 11242
Defendant's Attorney & Address

THE DEFENDANT:

__XXX__ pleaded guilty to count one and two of the information.
___ was found guilty on counts            after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO COMMIT SECURITIES FRAUD. | ONE (1) & TWO (2) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).
___ Remaining counts are dismissed on the motion of the United States.
__XXX__ It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due __XXX__ immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # _____

Defendant's Date of Birth 11/23/67

Defendant's Mailing Address:

80 RICHMOND HILL ROAD, APT. 1N

STATEN ISLAND, NEW YORK 10314

Defendant's Residence Address:

_____( SAME AS ABOVE )_____

DECEMBER 2, 2005
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

DECEMBER 2, 2005
Date

A TRUE COPY ATTEST
Date: _____

ROBERT C. HEINEMANN
CLERK OF COURT

By: _____

DEPUTY CLERK

Defendant: LILLIAN VINCI  
Case Number: CR-98-587 (ARR)

Judgment - Page    of

## PROBATION

The defendant is hereby placed on probation for a term of <u>three (3) years</u>. Both counts one and two are to run concurrently.

While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

1) DEFT SHALL PARTICIPATE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

2) DEFT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM APPROVED BY THE PROBATION DEPARTMENT. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

3) DEFT IS TO REFRAIN FROM ENGAGING IN ANY EMPLOYMENT RELATED TO THE SALE OF SECURITIES OR ANY SIMILAR TYPE OF EMPLOYMENT WHICH INVOLVES OBTAINING OR HANDLING FUNDS FROM THE PUBLIC, AND IS TO ASSIST THE PROBATION DEPARTMENT IN VERIFYING ANY EMPLOYMENT SHE SECURES WHILE UNDER SUPERVISION.

4) DEFT SHALL NOT POSSESS ANY FIREARMS.

Defendant: **LILLIAN VINCI**
Case Number: CR-98-587(ARR)

Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: **LILLIAN VINCI**  
Case Number: CR-98-587(ARR)

Judgment - Page

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00    , consisting of a fine of $    N/A    and a special assessment of $ 200.00            .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

<u>XXX</u>  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows: